UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH R. LEON,<br><br>        Plaintiff,<br><br>    v.<br><br>SAN JOSE POLICE DEPARTMENT; CITY OF SAN JOSE; OFFICER KEVIN McCLURE, BADGE #3979; OFFICER BRIAN LOFTUS, BADGE #3965,<br><br>        Defendants. | Case No. 5:11-cv-05504 HRL<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: Dkt. No. 33] |

        Plaintiff Joseph R. Leon sues for alleged civil rights violations stemming from his arrest and conviction for possession and sale of narcotics. Pursuant to Fed. R. Civ. P. 12(c), defendants moved for judgment on the pleadings. Plaintiff opposed the motion. Because both sides requested that the court consider matters outside the pleadings, the court, after notice to the parties, converted the motion to one for summary judgment.[1] With the court's permission, both sides submitted supplemental filings following the motion hearing. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and

---

[1] Defendants' request for judicial notice is granted, and plaintiff's objections to that request are overruled.

responding papers,[2] as well as the arguments of counsel, the court denies defendants' motion.

## BACKGROUND

Unless otherwise indicated, the following background facts are undisputed.

In the late night hours of December 29, 2008, defendant Officers Kevin McClure and Brian Loftus were dispatched to plaintiff Joseph Leon's residence in San Jose for possible domestic violence. En route to the residence, officers were informed that plaintiff might have a handgun. When they arrived, plaintiff's father opened the door; and, according to Leon, officers walked into the house without permission. With guns drawn, the officers called for Leon and then handcuffed him. Leon says that he told officers that he had a loud, but non-violent, argument earlier with the brother of his girlfriend, Raquel Rosas, the suspected domestic violence victim. When officers asked if Rosas was at the residence, plaintiff's father directed them to an upstairs bedroom. McClure detained Leon while Loftus and other officers went upstairs.

Officers found Rosas in the upstairs bedroom that she shared with plaintiff. Rosas, who was on juvenile probation with a search/seizure clause and gang conditions, denied any domestic violence. And, officers found no evidence of injury. While conducting a protective sweep of the area, however, they observed gang paraphernalia on the bedroom walls and detected a strong odor of marijuana coming from the bedroom closet. After a search of the room, officers found a stash of cocaine, marijuana, and methamphetamines.

Leon and Rosas were arrested and charged with possession and sale of narcotics. As part of a negotiated plea agreement, Leon pled no contest to the narcotics charges (Cal. Health & Safety Code §§ 11351, 11359, 11378) and admitted to a criminal street gang enhancement. (Cal. Pen. Code § 186.22(b)(1)(a)). He served several months in jail and was placed on probation. The charges against Rosas subsequently were dismissed.

Leon filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged false arrest/imprisonment; unlawful search and seizure; and negligence. His First Amended Complaint

---

[2] Plaintiff's post-hearing supplemental briefing was lodged with the undersigned's chambers. The court directs the clerk to file those papers in the public record.

(FAC), the operative pleading, lists claims under the Fourth and Fourteenth Amendments[3] of the U.S. Constitution, as well as state law claims for alleged civil rights violations under California Civil Code section 52.1.[4] He seeks money damages, as well as equitable relief (i.e., disciplinary action for the defendant officers).

Defendants now move for judgment, arguing that this lawsuit is barred under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). For the reasons discussed below, their motion is denied.

## LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. See Nissan Fire & Marine Ins. Co., Ltd., 210

---

[3] The court reads the FAC to include a Fourteenth Amendment claim for violation of due process based upon the false arrest/unlawful search and seizure claims. "The law of this circuit continues to be that in actions for the unconstitutional seizure of persons by officials, liability will be determined under the specific standards of the Fourth Amendment rather than under the general due process standards of the Fourteenth Amendment." Larson v. Neimi, 9 F.3d 1397, 1402 (9th Cir. 1993). Accordingly, plaintiff's § 1983 claim will be addressed in the context of the Fourth Amendment only. To the extent plaintiff sought to claim a violation of his Fourteenth Amendment equal protection rights, the complaint contains no allegations and the record contains no evidence supporting such a theory.

[4] Similarly, the court reads the FAC to include a state law civil rights claim for violation of due process in connection with the alleged false/arrest and unlawful search/seizure. As noted above, the court finds no support in the record, either in the FAC's allegations or in the record presented on the instant motion, for any claim that plaintiff suffered a violation of his equal protection rights.

1   F.3d at 1102.  The non-moving party may not rest upon mere allegations or denials of the adverse

2   party's evidence, but instead must produce admissible evidence that shows there is a genuine issue

3   of material fact for trial.  See id.  A genuine issue of fact is one that could reasonably be resolved

4   in favor of either party.  A dispute is "material" only if it could affect the outcome of the suit

5   under the governing law.  Anderson, 477 U.S. at 248-49.

6         "When the nonmoving party has the burden of proof at trial, the moving party need only

7   point out 'that there is an absence of evidence to support the nonmoving party's case.'"

8   Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting Celotex Corp., 477 U.S. at

9   325).  Once the moving party meets this burden, the nonmoving party may not rest upon mere

10  allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine

11  issue for trial.  Id.

## DISCUSSION

13        Defendants contend that plaintiff's Fourth Amendment claims for wrongful arrest and

14  unlawful search and seizure—the bases for his § 1983 claims—are barred by the rule set out in

15  Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994).  Heck precludes a

16  plaintiff from pursuing a § 1983 lawsuit for alleged unconstitutional violations in connection with

17  his conviction as long as the conviction remains in place and "when establishing the basis for the

18  damages claim necessarily demonstrates the invalidity of the conviction."  512 U.S. at 481-82.

19  Citing "the hoary principle that civil tort actions are not appropriate vehicles for challenging the

20  validity of outstanding criminal judgments," the Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

26  512 U.S. at 486-87.  A claim related to a conviction or sentence that has not been invalidated in

27  one of these ways is not cognizable under § 1983.  Id. at 487.  Accordingly, "the district court

28  must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity

4

1  of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can
2  demonstrate that the conviction or sentence has already been invalidated." Id. On the other hand,
3  where "the plaintiff's action, even if successful, will not demonstrate the invalidity of any
4  outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the
5  absence of some other bar to the suit." Id. at 487 (footnote omitted).

6  California recognizes the same rule. See Yount v. City of Sacramento, 183 P.3d 471, 484,
7  76 Cal. Rptr.3d 787 (2008); Susag v. City of Lake Forest, 94 Cal. App.4th, 1401, 1410-13, 115
8  Cal. Rptr.2d 269 (2002). And, the California Supreme Court does not distinguish between the
9  application of Heck to a § 1983 claim and state law analogues based on the same conduct—the
10 reason being "that Heck and California law express similar concerns about judicial economy and
11 the avoidance of conflicting resolutions . . .." Id. at 484. See also Susag, 94 Cal. App.4th at 1412,
12 115 Cal. Rptr.2d 269 ("Moreover, it appears unsound to distinguish between section 1983 and
13 state law claims arising from the same alleged misconduct.").

14 Here, defendants point out that Leon failed to timely respond to their request for admission
15 that, among other things, his conviction has not been invalidated in any of the ways enunciated in
16 Heck. (Dkt. No. 34, North Decl. ¶¶ 18-19, Exs. N and O). Defendants correctly note that the
17 matter therefore is automatically deemed admitted under Fed. R. Civ. P. 36.

18 In any event, Leon does not deny that his underlying criminal conviction stands. Nor has
19 he presented any evidence showing that it has been invalidated in any of the ways enunciated in
20 Heck. Instead, he asserts several arguments as to why Heck does not apply. The bulk of his legal
21 arguments are unpersuasive. But, the court will not engage in extended discussion of those
22 matters[5] because it finds that his final argument is dispositive of this issue.

---

[5] Plaintiff's argument that his claims are not barred by collateral estoppel arguments misses the point. See generally Nuno v. Cnty. of San Bernardino, 58 F. Supp.2d 1127, 1137 (C.D. Cal. 1999) (observing that "the *Heck* rule of preclusion does not depend on the content of California's law of collateral estoppel."). And, at any rate, in the underlying criminal proceedings, Leon did (unsuccessfully) challenge the legality of defendants' search and seizure. (Dkt. No. 47, Supp. North Decl., Exs. J and K). As for Leon's argument that Heck does not apply because he is seeking both damages and injunctive relief, the Supreme Court has further clarified that Heck (and other Supreme Court cases) "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if

United States District Court
Northern District of California

Plaintiff argues that his § 1983 claims will not implicate the validity of his criminal conviction because his conviction was based, not on the fruits of the allegedly illegal search, but rather on his no contest plea. Plaintiff cites absolutely no authority for this proposition. And, defendants have presented the court with decisions in which the Ninth Circuit has applied the Heck bar in cases where the conviction was based upon a no contest plea. See, e.g., Szajer v. City of Los Angeles, 632 F.3d 607 (9th Cir. 2011); Whitaker v. Garcetti, 486 F.3d 572 (9th Cir. 2007). See also Radwan v. County of Orange, No. 11-56415, 2013 WL 2177366 (9th Cir., May 21, 2013) ("We have repeatedly found *Heck* to bar § 1983 claims, even where the plaintiff's prior convictions were the result of guilty or no contest pleas."). More recently, however, the Ninth Circuit held that a no contest plea to criminal charges does not lead to a Heck bar of a subsequent civil rights suit. Lockett v. Ericson, 656 F.3d 892 (2011). In Lockett, the plaintiff was arrested at his home for driving under the influence of alcohol. After his motion to suppress evidence was denied, he pled no contest to a lesser charge. In concluding that his subsequent § 1983 action was not barred by Heck, the court reasoned that because plaintiff pled no contest, his "conviction derives from his plea, not from a verdict obtained with supposedly illegal evidence. The validity of Lockett's conviction does not in any way depend upon the legality of the search of his home." Id. at 897 (internal quotations and citations omitted).

Lockett does not comport with other precedent, cited above, in which the Ninth Circuit has applied the Heck bar even where the plaintiff's conviction was based upon a no contest plea--- albeit, in those cases, the pleas as the bases of the convictions were not squarely at issue. And, this court does not agree that a guilty plea should automatically insulate a subsequent § 1983 action from Heck's reach.[6] Lockett is, nonetheless, on point and binding upon this court.

---

success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005); see also Whitaker v. Garcetti, 486 F.3d 572, 583 (9th Cir. 2007) ("The Supreme Court later clarified that Heck's principle applies regardless of the form of remedy sought.").

[6] Lockett relied on Ove v. Gwinn, 264 F.3d 817 (9th Cir. 2001) in which the court held that Heck did not bar a § 1983 suit brought by plaintiffs who pled no contest to driving under the influence. However, the Ove plaintiffs' § 1983 suit concerned matters that were entirely ancillary to their criminal convictions. They claimed that for blood draws, defendants used employees who were not licensed, qualified, or permitted to draw blood or handle syringes under California law. 264 F.3d at 820. Success on the blood draw claims therefore would not implicate the validity of their

6

1   Accordingly, defendants' summary judgment motion for application of the Heck bar is denied.

2   In their supplemental reply, defendants also argue that the officers are entitled to qualified
immunity and that there is no basis for plaintiff's Monell[7] and state law claims.  The court does
not address those arguments here, inasmuch as the original motion was based only on Heck.
Nevertheless, in the exercise of its discretion, the court will not preclude defendants from
renewing those arguments in a properly noticed motion.

**ORDER**

Based on the foregoing, defendants' motion for summary judgment based upon the Heck
bar is denied.

**SO ORDERED**.

Dated:   September 30, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

convictions.  The plaintiff in Lockett, by contrast, apparently challenged the search for and seizure
of the very evidence that led to the criminal charges against him.
[7] Monell v. Dep't of Social Services, 436 U.S. 658, 98 S. Ct. 2018 (1978)

7

**RULINGS RE PLAINTIFF'S EVIDENTIARY OBJECTIONS RE NORTH DECLARATION (DKT. NO. 34)**

Paragraph 5, Ex. A:   Overruled.  Fed. R. Evid. 803(6).

Paragraph 6, Ex. B:   Overruled.  Fed. R. Evid. 807.

Paragraph 7, Ex. C:   Overruled.  Fed. R. Evid. 807.

Paragraph 8, Ex. D:   Overruled.  Fed. R. Evid. 807.

Paragraph 9, Ex. E:   Overruled.  Fed. R. Evid. 807.

Paragraph 10, Ex. F:  Sustained.  Fed. R. Evid. 901.

Paragraph 11, Ex. G:  Overruled.  Fed. R. Evid. 807, 1003.

Paragraph 12, Ex. H:  Overruled.  Fed. R. Evid. 807, 1003.

Paragraph 13, Ex. I:   Overruled.  Fed. R. Evid. 807, 1003.

Paragraph 14, Ex. J:   Overruled.  Fed. R. Evid. 807, 1003.

Paragraph 15, Ex. K:  Overruled.  Fed. R. Evid. 807, 1003.

Paragraph 16, Ex. L:  Overruled.  Fed. R. Evid. 807, 1003.

Paragraph 17, Ex. M:  Overruled.  Fed. R. Evid. 807, 1003.

Paragraph 18, Ex. N:  Overruled.  Fed. R. Evid. 807, 1003.

Paragraph 19, Ex. O:  Overruled.  Fed. R. Evid. 807, 1003.

Paragraph 20, Ex. P:  Overruled.  Fed. R. Evid. 801(d)(2).

Paragraph 21, Ex. Q:  Overruled.  Fed. R. Evid. 801(d)(2).