NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH R. LEON,<br><br>  Plaintiff,<br><br>  v.<br><br>SAN JOSE POLICE DEPARTMENT; CITY OF SAN JOSE; OFFICER KEVIN McCLURE, BADGE #3979; OFFICER BRIAN LOFTUS, BADGE #3965,<br><br>  Defendants. | Case No.  5:11-cv-05504 HRL<br><br>**ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>[Re:  Dkt. No. 58] |

Plaintiff Joseph R. Leon sues for alleged civil rights violations stemming from his arrest and conviction for possession and sale of narcotics. Now before the court is defendants' second motion for summary judgment. Plaintiff opposes the motion. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers, as well as the arguments of counsel, the court grants the motion.

## BACKGROUND

Unless otherwise indicated, the following background facts are undisputed.

In the late night hours of December 28, 2008, defendant Officers Kevin McClure and Brian Loftus were dispatched to plaintiff's residence in San Jose for possible domestic violence. When they arrived, plaintiff's father opened the door; and, according to Leon, officers walked into the

house without permission. In response to the officers' query, plaintiff's father told them that plaintiff was in an upstairs bedroom. With guns drawn, the officers called for Leon, who came downstairs---at which time, officers handcuffed him and seated him on the couch. Leon says that he told them that he had an argument earlier with the brother of his girlfriend, Raquel Rosas, the suspected domestic violence victim. When officers asked if Rosas was at the residence, plaintiff's father directed them to an upstairs bedroom. Defendant McClure stayed with Leon while Loftus and other officers went upstairs.

Officers entered the bedroom where they observed a red flag with a Huelga bird hanging on one wall. Rosas, who was on juvenile probation with a search/seizure clause and gang conditions, denied any domestic violence. And, officers found no evidence of injury. While conducting a protective sweep of the area, however, they detected a strong odor of marijuana coming from the bedroom closet. After a search, officers found a stash of cocaine, marijuana, and methamphetamines.

Leon and Rosas were arrested and charged with possession and sale of narcotics. As part of a negotiated plea agreement, Leon pled no contest to the narcotics charges (Cal. Health & Safety Code §§ 11351, 11359, 11378) and admitted to a criminal street gang enhancement. (Cal. Pen. Code § 186.22(b)(1)(a)). He served several months in jail and was placed on probation. The charges against Rosas subsequently were dismissed.

Leon filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged false arrest/imprisonment; unlawful search and seizure; and negligence. His First Amended Complaint (FAC), the operative pleading, lists claims under the Fourth and Fourteenth Amendments of the U.S. Constitution, as well as California Civil Code section 52.1.

Defendants now move for summary judgment on the grounds that (1) plaintiff's Fourth Amendment claims are barred by the collateral estoppel doctrine; (2) there was no Fourth Amendment violation, in any event; (3) plaintiff has no evidence supporting a claim for violation of his equal protection rights; (4) plaintiff has no evidence supporting Monell[1] liability;

---

[1] Monell v. Dep't of Social Services, 436 U.S. 658, 98 S. Ct. 2018 (1978).

(5) defendants are entitled to qualified immunity; and (6) plaintiff has no viable state law claim. For the reasons discussed below, defendants' summary judgment motion is granted.

## LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. See Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See id. A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. Id.

## DISCUSSION

**A. Fourth Amendment Claim**

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L.Ed.2d 308 (1980). A § 1983 claim brought in federal court is subject to principles of issue and claim preclusion by a prior state court judgment. Id. at 97-98. Federal courts must give a state court judgment the same preclusive effect that the judgment would receive from another court of that state. Allen, 449 U.S. at 96 (citing 28 U.S.C. § 1738). Under California law, "[c]ollateral estoppel precludes litigation of issues argued and decided in prior proceedings" where (1) the issue sought to be precluded from relitigation is identical to that decided in a former proceeding; (2) the issue actually was litigated in the former proceeding; (3) the issue necessarily was decided in the former proceeding; (4) the decision in the former proceeding is final and on the merits; and (5) the party against whom preclusion is sought is the same as, or in privity with, the party to the former proceeding. Lucido v. Super. Ct., 795 P.2d 1223, 1225 (Cal. 1990). Additionally, application of issue preclusion must further the public policies underlying the doctrine. Id. at 1225-27.

Citing Shor v. Dep't of Social Services, 272 Cal. Rptr. 632 (Cal. Ct. App. 1990), Leon argues that collateral estoppel does not apply because the alleged Fourth Amendment violations were never litigated in the state court proceedings through a motion to suppress evidence. Shor, however, is factually inapposite. There, the court ruled in a criminal welfare fraud case that collateral estoppel did not apply because "the issue litigated in the criminal proceeding (the appropriate amount of restitution to be paid as a condition of probation) was not identical to issue litigated at the administrative hearing (the *actual* amount of the overpayment)." Id. at 634.

In Leon's underlying state court proceeding, he filed a motion to vacate the judgment on the grounds that officers lacked probable cause and violated his Fourth Amendment rights. (North Decl., Ex. N). The state court denied his motion, making the express finding that "[t]he police entry and actions in this case were justified both by the co-Defendant's search condition (see People v. Medina, (2007) 258 Cal. App.4th 1571,) and by the fact that this was a domestic

violence report (see People v. Higgins (1994) 26 Cal. App.4th 247 and People v. Frye (1998) 18 Cal.4th 894)." (Id., Ex. O).[2] The issue decided in the prior state action is identical to the issue in the present case. See Lucido, 795 P.2d at 1225. Leon was the petitioner in the state court proceeding and is the party against whom collateral estoppel is being invoked. See id. The alleged violation of his Fourth Amendment rights was actually litigated and necessarily decided, because it was raised by Leon's motion as the basis for vacating the judgment, and specifically was addressed by the Superior Court. The application of collateral estoppel here is consistent with underlying principles of "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." Id. at 1225-27. Accordingly, plaintiff is collaterally estopped from bringing a § 1983 action premised on the same facts litigated in the state court. As to plaintiff's claim for violation of his Fourth Amendment rights, defendants' motion for summary judgment is granted.

**B. Fourteenth Amendment**

As presented on the instant motion, defendants contend that plaintiff has no evidence supporting a claim that they discriminated against him on the basis of race, in violation of his Fourteenth Amendment rights. As noted in the order on defendants' first summary judgment motion, to the extent plaintiff sought to claim a violation of his Fourteenth Amendment equal protection rights, the complaint contains no allegations and the record contains no evidence supporting such a theory. Even if it did, the court agrees that plaintiff has not presented sufficient evidence raising a genuine issue of material fact as to any discrimination.

The Equal Protection Clause provides that no state shall "deny any person within its jurisdiction the equal protection of the law." U.S. Const. Amend. XIV, § 1. "The Equal Protection Clause 'is basically a direction that all persons similarly situated should be treated alike.'" Loharsingh v. City & County of San Francisco, 696 F. Supp.2d 1080, 1105 (N.D. Cal.

---

[2] Defendants' request for judicial notice of Exhibits N and O to the North Declaration is granted. Fed. R. Evid. 201. Plaintiff's objections to North Declaration paragraphs 16-17 and Exhibits N and O are overruled. Fed. R. Evid. 401, 801(d)(2), 807, 901(b)(7), 1003. Plaintiff objects that the documents are incomplete (Fed. R. Evid. 106), but he does not identify any other writing or recorded statement that, in fairness, ought to be considered. In any event complete certified copies of the documents in question previously were docketed here. (Dkt. 47).

2010) (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L.Ed.2d 313 (1985)). To succeed on an equal protection claim, a plaintiff must prove discriminatory intent or motive. Id.; see also Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) ("To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class."). That is, a plaintiff must show that the defendant "'acted in a discriminatory manner and that the discrimination was intentional.'" Bingham v. City of Manhattan Beach, 341 F.3d 939, 948 (9th Cir. 2003)[3] (quoting Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000)). To avoid summary judgment, a plaintiff "'must provide evidence sufficient to permit a reasonable trier of fact to find by a preponderance of the evidence that the [treatment] was racially motivated.'" Loharsingh, 696 F. Supp.2d at 1106 (quoting Serrano, 345 F.3d at 1082).

Here, Leon submits various reports, news articles, and editorials about the SJPD generally, as well as the report of his retained expert, to support a contention that defendants discriminated against him because of his race. Defendants' objections to those documents and the related portions of plaintiff's counsel's declaration are sustained. Fed. R. Evid. 401, 402, 403, 602. Additionally, expert witnesses cannot give an opinion on an ultimate issue of law. United States v. Boulware, 558 F.3d 971, 975 (9th Cir. 2009). In any event, none of the proffered documents gives rise to a genuine issue that the defendants in this case acted with discriminatory intent. As to plaintiff's claim for alleged violation of his Fourteenth Amendment rights, defendants' summary judgment motion is granted.[4]

---

[3] Abrogated on other grounds by Virginia v. Moore, 553 U.S. 164, 128 S. Ct. 1598, 170 L.Ed.2d 559 (2008), as recognized in Edgerly v. City & County of San Francisco, 599 F.3d 946, 956 n.14 (9th Cir. 2010).

[4] To the extent plaintiff sought to raise a due process claim under the Fourteenth Amendment based on the alleged wrongful arrest and illegal search/seizure, as noted in the court's order on defendants' first summary judgment order, "[t]he law of this circuit continues to be that in actions for the unconstitutional seizure of persons by officials, liability will be determined under the specific standards of the Fourth Amendment rather than under the general due process standards of the Fourteenth Amendment." Larson v. Neimi, 9 F.3d 1397, 1402 (9th Cir. 1993), superceded by rule on other grounds as stated in C.B. v. City of Sonora, 769 F.3d 1005, 1016 (9th Cir. 2014).

### C. Qualified Immunity

Having found that plaintiff's Fourth Amendment claim is barred by collateral estoppel and that there is no triable issue as to any Fourteenth Amendment violation, the court does not reach defendants' arguments re qualified immunity.

### D. Municipal Liability

Having found that plaintiff's Fourth Amendment claim is barred by collateral estoppel and that there is no triable issue as to any Fourteenth Amendment violation, plaintiff's Monell claim as to the City also fails. In any event, plaintiff has presented no evidence creating a triable issue that the alleged violation of his constitutional rights was caused by a policy or practice of the City.

### E. State Law Claims

Plaintiff also brings all of his claims under California's Bane Act, Civil Code § 52.1, which prohibits the interference "by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of the rights secured by the Constitution of the United States or the laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ.Code § 52.1. "As used in this provision, the term 'interferes' means 'violates.'" Ferris v. City of San Jose, No. 11-cv-01752-LHK, 2012 WL 1355715 at *4 (N.D. Cal., Apr. 18, 2012) (citing Austin B. v. Escondido Union High Sch. Dist., 149 Cal. App.4th 860, 883, 57 Cal. Rptr.3d 454 (2007)). Plaintiff's state claims rise and fall with his federal ones. Id.

Nor does the court find any support for plaintiff's negligence claim. "Negligence is the failure to exercise the care that a reasonably prudent person would exercise in like circumstances." Cole v. City of Sunnyvale, No. C08-05017 RMW, 2011 WL 4346510 at *12 (N.D. Cal., Sept. 14, 2011). The evidence of record does not give rise to a triable issue that defendants acted carelessly during the events at issue.

Defendants' motion for summary judgment is granted as to plaintiff's state claims.

7

**ORDER**

Based on the foregoing, defendants' motion for summary judgment is granted. The clerk shall enter judgment for defendants and close the file.

SO ORDERED.

Dated:   February 9, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:11-cv-05504-HRL Notice has been electronically mailed to:

Karl Anthony Sandoval     karl.sandoval@cco.sccgov.org, tam.lobach@cco.sccgov.org

Richard D. North     cao.main@sanjoseca.gov, richard.north@sanjoseca.gov

Tiega Noel Varlack     tiega@varlacklegal.com, asha@thewilkersonlawoffice.com, kay@varlacklegal.com